IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

NATIONWIDE MUTUAL
INSURANCE COMPANY,

     **Plaintiff,**

**v.**                             **CIVIL ACTION NO. 5:03-0083**

**TONY HATFIELD, et al.,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for summary judgment (Doc. No. 14).   After reviewing the record and applicable case law, for the reasons discussed below, the court hereby GRANTS plaintiff's motion and ORDERS that this action be removed from the active docket of the court.

### I.   Statement of Facts

Plaintiff, an Ohio corporation, is authorized to transact the business of insurance in the State of West Virginia. Defendant is a West Virginia citizen and owned Hatfield's Quik Stop in Wyoming County, West Virginia.   Defendant purchased a general liability insurance policy from plaintiff.

On September 27, 2001, Kenneth Roberts filed a complaint in the Circuit Court of Wyoming County, West Virginia, in which he alleged that defendant negligently sold or gave alcohol to three individuals who had been involved in an auto accident in which Rosalie Roberts, Kenneth Roberts's wife, was killed.   Kenneth

Roberts alleged that defendant had been negligent because these individuals were visibly intoxicated or under the influence of alcohol at the time of the transaction.

Defendant made a demand for defense and indemnification under plaintiff's policy for claims made against him in the Roberts action.  Plaintiff asserts that it had no duty to defend defendant because of the liquor liability exclusions contained in the policy at issue.  These exclusions provide, in pertinent part, that:

**B.   EXCLUSIONS**

      **1.   Applicable to Business Liability Coverage –**

            This insurance does not apply to:

            . . .

            c.   "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

                (1)   Causing or contributing to the intoxication of any person;

                (2)   The furnishing of alcoholic beverages to a person under the legal age or under the influence of alcohol; or

                (3)   Any statute, ordinance or regulation relating to the sale, gift, distribution, or use of alcoholic beverages.

            This exclusion applies only if you are in the business of manufacturing, distributing, selling, or serving or furnishing alcoholic beverages.

Plaintiffs assert that an actual, justiciable exists regarding its rights, duties, and responsibilities under the policy.  Plaintiff seeks a declaration that it has no duty to provide coverage or a defense in the civil action pending against defendants as the action in which defendants seek coverage regards liquor liability claims that have been raised against them and such claims are clearly and unambiguously excluded from coverage under defendants' policy.

## II.  Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that

> [t]he judgment sought shall be rendered
> forthwith if the pleadings, depositions,
> answers to interrogatories, and admissions on
> file, together with the affidavits, if any,
> show that there is no genuine issue as to any
> material fact and that the moving party is
> entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56 (2003).  The moving party has the burden of establishing that there is no genuine issue as to any material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met this burden, the burden then shifts to the nonmoving party to produce sufficient evidence for a jury to return a verdict for that party.

> The mere existence of a scintilla of evidence
> in support of the plaintiff's position will
> be insufficient; there must be evidence on
> which the jury could reasonably find for the
> plaintiff.  The judge's inquiry, therefore,
> unavoidably asks whether reasonable jurors

> could find, by a preponderance of the
> evidence, that the plaintiff is entitled to
> a verdict . . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).  "If

the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted."  Id. at 250-251.

Significantly, "a party opposing a properly supported motion for

summary judgment may not rest upon mere allegation or denials of

his pleading, but must set forth specific facts showing that

there is a genuine issue for trial."  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 256 (1986).  Finally, "[o]n summary judgment

the inferences to be drawn from the underlying facts . . . must

be viewed in the light most favorable to the party opposing the

motion."  United States v. Diebold, Inc.,   369 U.S. 654, 655

(1962).

   Under West Virginia law:

> [a]s a general rule, an insurer's duty to
> defend is tested by whether the allegations
> in the plaintiff's complaint are reasonably
> susceptible of an interpretation that the
> claim may be covered by the terms of the
> insurance policy.

Butts v. Royal Vendors, Inc., 504 S.E.2d 911 (W. Va. 1998).

Further,

> [w]here provisions in an insurance policy are
> plain and unambiguous, and where such
> provisions are not contrary to a statute,
> regulation, or public policy, the provisions
> will be applied and not construed.

Mitchell v. Federal Kemper Ins. Co., 514 S.E.2d 393 (W. Va. 1998).  In examining language of an insurance policy, words and phrases are to be given their "plain, ordinary meaning unless they are specifically defined in the policy."  Id.

### III.  Analysis

No material facts are in dispute in this case.  The only issue present is whether plaintiff has an obligation to provide a defense for defendants given the facts discussed above.  It is clear that the court must grant plaintiff's motion for summary judgment.  First, it is clear that the court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332, in that the parties are citizens of different states and the amount in controversy is in excess of $75,000.00.  Given that defendants have sought to have plaintiff defend them, it is appropriate for the court to consider plaintiff's motion for declaratory judgment.

The West Virginia Supreme Court of Appeals has previously found the liquor liability exclusion applicable to underlying disputes factually analogous to those at issue here.  See generally Kelly v. Painter, 202 W. Va. 344, 504 S.E.2d 171 (1998), and Findley v. State Farm Mut. Auto. Ins. Co., 2002 WL 31747307 (W. Va. Dec. 6, 2002).  The policy contains a limitation which unequivocally applies to a situation like that at issue. The exclusion excludes coverage for situations where store

-5-

personnel sell or distribute alcohol to third parties.  This is what happened here.  As the Circuit Court for Wyoming County noted when it reviewed this issue, this case is factually indistinguishable from <u>Kelley</u>.  <u>See</u> <u>Roberts v. Lakeside Fast Stop Mkt., Inc.</u>, Civil Action No. 01-C-174 (Wyoming Cty. Cir. Ct. Aug. 22, 2003).

Further, as the Wyoming County Circuit Court noted, defendants have no legal ground to challenge the exclusion.  As such, it is appropriate to grant plaintiff's motion for summary judgment.  The court hereby finds that plaintiff has no duty to provide coverage or a defense in the civil action arising out of the action involving Rosalie Roberts pending against defendants.

### IV.  Conclusion

For the reasons outlined above, plaintiff has no duty to provide coverage or a defense in the civil action pending against defendants.  The action in which defendants seek coverage regards liquor liability claims that have been raised against them.  Such claims are clearly and unambiguously excluded from coverage under defendants' policy.  As such, it is appropriate to grant plaintiff's motion for summary judgment.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 7th day of November, 2005.

Enter:

David A. Faber
United States District Judge